Filed 7/7/14  Placentia-Yorba Linda Unified School Dist. v. N. Orange Cty. Regional Occupational Program CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| PLACENTIA-YORBA LINDA UNIFIED SCHOOL DISTRICT,<br><br>    Cross-complainant and Appellant,<br><br>        v.<br><br>NORTH ORANGE COUNTY REGIONAL OCCUPATIONAL PROGRAM,<br><br>    Cross-defendant and Respondent. | G049073<br><br>(Super. Ct. No. 30-2011-00513403)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John C. Gastelum, Judge.  Reversed.

Cummings, McClorey, Davis, Acho & Associates and Ryan D. Miller for Cross-complainant and Appellant.

Wallace, Brown & Schwartz, Lisa J. Brown and George M. Wallace for Cross-defendant and Respondent.

This case involves the interpretation of an indemnity provision by which cross-defendant and respondent North Orange County Regional Occupational Program (NOCROP) agreed to indemnify, defend and hold harmless cross-complainant and appellant Placentia-Yorba Linda Unified School District (District) from liability arising from NOCROP's use of certain District property. The underlying plaintiff was injured when she tripped over a tree stump on her way from a classroom to a parking lot.

The trial court granted NOCROP's motion for summary judgment on the grounds the plaintiff's injury did not arise from NOCROP's use or occupancy of the specified premises and thus the indemnity provision did not apply. On appeal District argues the trial court interpreted the indemnity provision too narrowly and the language used manifests the parties' intent NOCROP would indemnify District for the plaintiff's injury. We agree.

**FACTS AND PROCEDURAL HISTORY**

The facts in this case are fairly simple. District owns Esperanza High School (School). NOCROP entered into a two-page form agreement (Agreement) with District to use a classroom at the School for a NOCROP class. In the Agreement NOCROP "agree[d] to defend, indemnify, and hold harmless [District] . . . from all loss, cost, and expenses arising out of any liability or claim of liability for personal injury, bodily injury to persons, and damage to property sustained or claimed to have been sustained arising out of or in connection with the use [or][1] occupancy by [NOCROP] or any of its . . . employees . . . , whether such act is authorized by this [A]greement or not . . . ." (Indemnity Provision.)

NOCROP employed the plaintiff (not a party to this appeal), to teach the class. She claimed that on the way to the parking lot after teaching the class one evening, she tripped over a tree stump in a walkway that was not properly lit. The plaintiff sued

---

[1] The Agreement states "of" instead of "or." It is clear from the context of the language "or" is correct and neither party disputes that.

the District for personal injury based on premises liability.  District in turn sued NOCROP for indemnity and contribution based primarily on the Indemnity Provision in the Agreement.

Both parties filed summary judgment motions.  The basis for NOCROP's motion, which the court granted, was that the Agreement did not require NOCROP to indemnify or hold harmless District because the plaintiff's injury did not arise out of her use or occupancy of the classroom itself.

## DISCUSSION

*1. Summary Judgment Standards and Review*

Code of Civil Procedure section 437c, subdivision (c), declares summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  A defendant may bring a motion on the ground there is a complete defense to the action.  (Code Civ. Proc., § 437c, subd. (o).)  Every element of the affirmative defense must be established.  (*Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 468.)  Only if a defendant meets that burden will the burden shift to the plaintiff to produce evidence showing a triable issue of material fact.  (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1144.)  We review a summary judgment de novo.  (*Aguilar v. Atlantic Richfield Co*. (2001) 25 Cal.4th 826, 860.)

 *2. The Agreement and the Hold Harmless Provision*

In interpreting the Agreement containing the Indemnity Provision we consider ""the language and contents of the contract as well as the intention of the parties as indicated by the contract."'  [Citation.]  When indemnity is expressly provided by contract, the extent of the duty to indemnify must be determined from the contract itself.  [Citations.]  [¶]  '[T]he question whether an indemnity agreement covers a given case turns primarily on contractual interpretation, and it is the intent of the parties as expressed in the agreement that should control.  When the parties knowingly bargain for

3

the protection at issue, the protection should be afforded. This requires an inquiry into the circumstances of the damage or injury and the language of the contract; of necessity, each case will turn on its own facts.' [Citation.] The indemnity provisions of a contract are to be construed under the same rules for interpreting contracts, "'with a view to determining the actual intent of the parties.'" [Citations.]" (*Zalkind v. Ceradyne, Inc.* (2011) 194 Cal.App.4th 1010, 1024-1025.) Because the parties did not introduce extrinsic evidence concerning the Agreement, we interpret it de novo. (*Continental Heller Corp. v. Amtech Mechanical Services, Inc.* (1997) 53 Cal.App.4th 500, 504.)

Looking first at the Indemnity Provision alone, we see its language is very broad. It requires NOCROP to indemnify and hold harmless District for "*all*" (italics added) loss arising out of or in connection with NOCROP's use or occupancy. The dispute is whether the use or occupancy applies to only the classroom, as NOCROP claims, or extends to more of the School, as District contends. A review of the other portions of the Agreement aids in resolving this dispute.

The Agreement has two sections. Section 1 is primarily a form containing blanks to be completed. One portion includes the type and dates of use. Under the title "Type of Facility Requested" are seven lines and an area to place a check mark. Three of these lines are: "Classroom Rm. 766," which was checked, "Multi-Purpose Room," and "Other: (Describe)." The remaining four lines are empty.

To the left of these provisions the dates and times of the classes are set out. Below that in answer to a question about the "nature of [the] proposed activity/event" the Agreement provides NOCROP would be offering a culinary arts class requiring kitchen equipment. The Agreement also contains information about the particulars of the class. At almost the top of Section 1 there is a preprinted sentence requiring cars to park in specified areas.

Section 2 consists of preprinted paragraphs, including the Indemnity Provision. Paragraph 1, "Primary Use" (capitalization and underscoring omitted), states

4

that "[u]se and occupancy of school property shall be primarily for public school purposes." Paragraph 15, entitled "Unauthorized Uses of All District Property" (capitalization and underscoring omitted), provides in part, "While using district facilities (including accesses thereto, walks, porches, lawns, patios, athletic fields, parking lots or restroom facilities) no person, group or organization may engage in the following activities nor shall any person, group or organization allow any person or event to engage in the following activities: . . . ." What follows is a list of prohibited activities. In paragraph 18 NOCROP agreed not to use the "school premises" for "unlawful acts."

These several paragraphs referring to other areas of the School, including parking lots and walkways, reflect the parties intended NOCROP and its employees were not limited to using only the classroom. In fact, the Indemnity Provision expressly contemplates there might even be "unauthorized" use. Although NOCROP contracted to use the classroom, there is no way the plaintiff could have done so without getting to and from the classroom. And nothing in the Agreement's language restricts plaintiff's use merely to the classroom to the exclusion of other parts of the School. Further, the Agreement specifically contemplated use of the parking lot.

Reading the broad language of the Indemnity Provision itself in the context of the other parts of the Agreement we conclude the Indemnity Provision did not merely apply to injuries which occur within the classroom. The Agreement is just not reasonably susceptible to NOCROP's narrow interpretation.

That the Indemnity Provision did not specifically use the word "premises" or "facilities" in the clause "arising out of or in connection with the use [or] occupancy," as NOCROP argues, is not dispositive; it did not use the word "classroom" either.

Further, we are not persuaded by NOCROP's claim that our interpretation means the Indemnity Provision would apply no matter where the plaintiff was on the School property. We do not decide that broader question. We hold only that the

5

Indemnity Provision applies because the plaintiff's walk to her car arose out of or was in connection with NOCROP's use of the classroom.

We also reject NOCROP's argument that it should not be liable because creation of the cause of the injury, i.e., the stump, was entirely the responsibility of District. In a noninsurance indemnity agreement, "[t]he parties are free to agree to a broader duty to defend . . . ." (*City of Bell v. Superior Court* (2013) 220 Cal.App.4th 236, 249-250.)

## DISPOSITION

The judgment is reversed. District is entitled to costs on appeal.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.

6